IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-57-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS L. KIMMEL, | ) | |
| | ) | |
| Defendant. | ) | |

On November 14, 2019, Thomas L. Kimmel ("Kimmel") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 and for compassionate release [D.E. 113]. On November 26, 2019, the United States responded in opposition [D.E. 115]. On August 4, 2020, Kimmel moved through counsel for compassionate release [D.E. 124]. As explained below, the court denies Kimmel's motions.

I.

On June 26, 2014, a jury convicted Kimmel of conspiracy to commit mail fraud and wire fraud, mail fraud and aiding and abetting (14 counts), and engaging in unlawful monetary transactions. See [D.E. 64, 91]. On October 2, 2014, at Kimmel's sentencing hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on the objections. See PSR [D.E. 72]; Sent. Tr. [D.E. 90] 4–14; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Kimmel's total offense level to be 42, his criminal history category to be I, and his advisory guideline range to be 360 months' to life imprisonment. See Sent. Tr. at 13–14. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Kimmel to 264 months' imprisonment on counts one, eleven, thirteen, seventeen, eighteen, nineteen, twenty, twenty-three, twenty-four, and twenty-six, to run

concurrently to 24 months' consecutive imprisonment on counts twenty-seven, twenty-eight, twenty-nine, thirty, and thirty-three, and 120 months' imprisonment on count forty-four to run concurrently. See id. at 15–109. Thus, the total sentence was 264 months' imprisonment. See id.

On October 10, 2014, Kimmel appealed [D.E. 81]. On April 8, 2016, the United States Court of Appeals for the Fourth Circuit vacated and remanded for resentencing. See United States v. Kimmel, 644 F. App'x 231, 231–34 (4th Cir. 2016) (per curiam) (unpublished). On August 30, 2016, the court held Kimmel's sentencing hearing [D.E. 107]. The court calculated Kimmel's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 365 months' imprisonment. See id.; [D.E. 103]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Kimmel to 240 months' imprisonment on counts one, eleven, thirteen, seventeen, nineteen, twenty, twenty-three, twenty-four, twenty-six, twenty-seven, twenty-eight, twenty-nine, thirty, and thirty-three to run concurrently to 120 months' imprisonment on count forty-four. See [D.E. 107]; [D.E. 108]; [D.E. 109] 1.

The First Step Act went into effect on December 21, 2018. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have

2

Case 4:13-cr-00057-D   Document 125   Filed 08/05/20   Page 2 of 7

served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that "an extraordinary

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

3

and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.—

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Kimmel seeks compassionate release pursuant to section 3582(c)(1)(A)(i). See [D.E. 113]; [D.E. 124]. In support, Kimmel relies on the "medical condition of the defendant" policy statement in application note 1(A) to U.S.S.G. § 1B1.13, the "age of the defendant" policy statement in application note 1(B) to U.S.S.G. § 1B1.13, and the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 113]; [D.E. 124]. In support, Kimmel cites his age (i.e., 74) and his medical history, and Kimmel attaches various medical records and certificates. See [D.E. 113]; [D.E. 124]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011).

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). According to Kimmel, he suffers from numerous maladies. The court questions whether Kimmel has demonstrated that he is not expected to recover from his various maladies, but will assume without deciding that reducing Kimmel's sentence is consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

5

As for the "age of the defendant" policy statement, the policy statement requires that the defendant "is at least 65 years old." U.S.S.G. § 1B1.13 cmt. n.1(B). Kimmel is 74 years old. The policy statement also requires that Kimmel be suffering from a serious deterioration in physical or mental health because of the aging process and have served at least 10 years or 75 percent of his term of imprisonment, whichever is less. See id. Kimmel has not demonstrated that he is suffering from a serious physical or mental deterioration because of the aging process or that he has served at least 10 years or 75 percent of his imprisonment term. Thus, Kimmel does not meet application note 1(B). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that Kimmel's medical conditions coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Kimmel's sentence under either the medical condition or other reasons policy statement. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). Cf. Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for his offense conduct, Kimmel engaged in serious, criminal behavior involving an extensive, prolonged fraud scheme targeting religious believers that resulted in nearly 300 victims suffering a cumulative loss of $16,534,988.12. See PSR ¶¶ 15–34. Kimmel also obstructed justice. That Kimmel's conduct concerned financial, and not violent, crimes does not mitigate the seriousness of his crimes. Cf. [D.E. 124] 6. The same conclusion holds true concerning Kimmel's lack of criminal history. Id. Moreover, the court is satisfied that the Bureau of Prisons has acted responsibly to address COVID-19, and the court has considered Kimmel's medical

6

conditions. In light of Kimmel's serious criminal conduct, the need to promote respect for the law, the need to punish Kimmel justly, and the need to deter others, the court declines to release Kimmel or reduce his sentence. Cf. Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:14-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Kimmel's motions for compassionate release [D.E. 113]; [D.E. 124].

SO ORDERED. This 4 day of August 2020.

JAMES C. DEVER III
United States District Judge