IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-57-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THOMAS L. KIMMEL, ) | |
| ) | |
| Defendant. ) | |

On June 29, 2021, Thomas L. Kimmel ("Kimmel" or "defendant") moved pro se for compassionate release [D.E. 131]. On September 7, 2021, the United States responded in opposition [D.E. 133]. On September 24, 2021, Kimmel replied [D.E. 134]. As explained below, the court denies Kimmel's motion.

I.

On June 26, 2014, a jury convicted Kimmel of conspiracy to commit mail fraud and wire fraud, mail fraud and aiding and abetting (14 counts), and engaging in unlawful monetary transactions. See [D.E. 64, 91]. On October 2, 2014, at Kimmel's sentencing hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved the objections. See PSR [D.E. 72]; Sent. Tr. [D.E. 90] 4–15; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Kimmel's total offense level to be 42, his criminal history category to be I, and his advisory guideline range to be 360 months' to life imprisonment. See Sent. Tr. at 12–13. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Kimmel to 240 months' concurrent imprisonment per count on counts one, eleven, thirteen, seventeen, eighteen, nineteen, twenty, twenty-three, twenty-four, and twenty-six, 24 months' consecutive imprisonment on counts twenty-seven, twenty-eight, twenty-nine,

thirty, and thirty-three, and 120 months' concurrent imprisonment on count forty-four, for a total of 264 months' imprisonment. See id. at 15–109; [D.E. 83].

On October 10, 2014, Kimmel appealed [D.E. 81]. On April 8, 2016, the United States Court of Appeals for the Fourth Circuit vacated Kimmel's sentence and remanded for resentencing. See United States v. Kimmel, 644 F. App'x 231, 231–34 (4th Cir. 2016) (per curiam) (unpublished). On August 30, 2016, the court held Kimmel's sentencing hearing [D.E. 107]. The court calculated Kimmel's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 365 months' imprisonment. See id.; [D.E. 103]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Kimmel to 240 months' imprisonment per count to run concurrently on counts one, eleven, thirteen, seventeen, nineteen, twenty, twenty-three, twenty-four, twenty-six, twenty-seven, twenty-eight, twenty-nine, thirty, and thirty-three, and to 120 months' concurrent imprisonment on count forty-four, for a total of 240 months' imprisonment. See [D.E. 107]; [D.E. 108] 3. The court also sentenced Kimmel to three years of supervised release on each count to run concurrently. See [D.E. 108] 4.

II.

On December 21, 2018, the First Step Act took effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

2

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that "an extraordinary

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id.

> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (quotation omitted). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., United States v. Hargrove, 30 F.4th 189, 194–95, 198–200 (4th Cir. 2022); McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Kimmel claims he has met the exhaustion requirement and provides his request for compassionate release, which the warden denied on May 25, 2021. See [D.E. 131-1] 5. The

government has not invoked section 3582's exhaustion requirement. Accordingly, the court addresses Kimmel's claim on the merits. See United States v. Muhammad, 16 F.4th. 126, 130 (4th Cir. 2021).

Kimmel seeks compassionate release pursuant to section 3582(c)(1)(A)(i). See [D.E. 131]. In support, Kimmel relies on the "family circumstances" policy statement in application note 1(C) to U.S.S.G. § 1B1.13.[2] See [D.E. 131]. Kimmel's wife of 52 years has been diagnosed with stage IV inoperable cancer in her bones, spine, chest, both lungs, and hips. See [D.E. 131-1] 6–7, 10–13. Kimmel contends that he is her only available caregiver. See [D.E. 131-1] 10. Kimmel and his wife lack funds to hire outside assistance, and their adult children cannot care for their mother. See id. Likewise, his wife's sister cannot care for her. See id.

The court assumes without deciding that Kimmel is "the only available caregiver for [his] spouse." U.S.S.G. § 1B1.3 app. 1(C)(ii) (emphasis added). Nonetheless, even assuming that Kimmel meets the "family circumstances" standard, the court declines to grant Kimmel's motion because the section 3553(a) factors counsel against reducing Kimmel's sentence. In reaching this conclusion, the court has completely reviewed the entire record, Kimmel's arguments, the government's persuasive response, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). Cf. Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

As for his offense conduct, Kimmel engaged in serious criminal behavior involving an extensive and prolonged fraud scheme targeting churchgoers who were seeking debt counseling. See PSR ¶¶ 15–34. Kimmel posed as a faithful Christian financial advisor. See id. The scheme resulted in nearly

---

[2] Kimmel also selected the boxes that relate to the "age of the defendant" policy statement in application note 1(B) to U.S.S.G. § 1B1.13. See [D.E. 131] 4. In his reply, however, Kimmel clarified that he is only seeking compassionate release on the basis of his wife's condition. See [D.E. 134] 1. Therefore, the court does not address policy statement 1(B).

6

300 victims suffering a cumulative loss of $16,534,988.12. See PSR ¶¶ 15–34. Kimmel's fraud devastated his victims, including many who lost their life savings. Kimmel also obstructed justice by testifying falsely at this trial. See PSR ¶ 31. That Kimmel's conduct concerned financial, and not violent, crimes does not mitigate the seriousness of his crimes. The same conclusion holds true concerning Kimmel's lack of criminal history. Kimmel's lack of criminal history helped him to perpetrate his fraud. In light of Kimmel's serious criminal conduct, the need to promote respect for the law, the need to punish Kimmel justly, and the need to deter others, the court declines to release Kimmel. Cf. Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 230–31; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:14-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 131] and DENIES as moot defendant's motion to expedite [D.E. 135].

SO ORDERED. This 4 day of May, 2022.

J. Dever<br>
JAMES C. DEVER III<br>
United States District Judge

7

Case 4:13-cr-00057-D   Document 136   Filed 05/04/22   Page 7 of 7